**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KELVIN WILLIAMS** | ) | |
| | ) | |
| **v.** | ) | **3-05-CV-2157-D** |
| | ) | |
| **BRIAN KEITH GREENLEE, ET AL** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on April 2, 2007, and the provisions of 28 U.S.C. § 636(b)(1)(B) came on to be considered Defendant Dallas County's motion to dismiss under Rule 37(d) or in the alternative to compel (Doc. 28) filed on March 29, 2007, and the magistrate judge finds and recommends as follows:

Dallas County's motion is predicated on Plaintiff's failure to answer or otherwise respond to its interrogatories and Rule 34 request served on Plaintiff on or about February 5, 2007, and Plaintiff's failure to attend his deposition noticed for March 29, 2007. Dallas County seeks an order dismissing Plaintiff's claims against it pursuant to Rule 37(d). Dismissal of a plaintiff's action is a sanction authorized under Rule 37(b)(2)(C).

Dismissal of a plaintiff's complaint is the most severe permissible sanction and is reserved to those instances in which there is a "clear record of delay or contumacious conduct by the [party]," SEC v. First Houston Capital Resources Fund, Inc., 979 F.2d 380, 382 (5th Cir. 1991) and when no lesser sanction will serve the interests of justice. Id. at 382. The instant case and Plaintiff's conduct satisfy these criteria.

Plaintiff is currently proceeding pro se after his former counsel was granted leave to withdraw by the District Court on January 23, 2007. Prior to the attorney's withdrawal the District Court had twice extended the time within which to designate expert witnesses and to provide expert

reports. In his motion to withdraw Plaintiff's former attorney stated that Plaintiff had failed to cooperate with the attorney's efforts to represent him, including Plaintiff's failure to meet with the expert witnesses so that the deadline for designation of experts could be met.

Subsequent to the District Court's order granting counsel's motion to withdraw and after Plaintiff was proceeding pro se Defendant's discovery was sent to him. The discovery requests were accompanied by a letter from Defendant's counsel which advised him that his failure to respond to the discovery and his failure to appear for his deposition would subject him to possible sanctions which could include dismissal of his case against Dallas County. Nonetheless Plaintiff did nothing in responding to the discovery nor did he attend his deposition as noticed. Defendant's counsel wrote Plaintiff against on March 6, 2007, advising him that unless he served responses to the outstanding discovery within seven days sanctions would be sought. When Plaintiff failed to respond to this letter and failed to appear for his deposition, Defendant filed the present motion.

Finally, Plaintiff has failed to respond timely to the present motion. In light of the foregoing instances in which Plaintiff has failed to cooperate with his own counsel and in wholly disregarding and ignoring Defendant's requested discovery, Plaintiff has demonstrated a clear and persistent disregard of the obligations imposed by the applicable rules which supports a finding that no lesser sanction than dismissal of his claims against Dallas County would serve the interests of justice.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that Defendant's motion to dismiss pursuant

to Rule 37(d) be granted.

A copy of this recommendation shall be transmitted to Plaintiff and counsel for Defendants.

SIGNED this 26th day of April, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.